IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
(AUGUSTA DIVISION)

United States of America
 Plaintiff

v.

Joseph D. Kemp, Pro-Se
 Defendant

CV123-0033

Case No. 1:16-CR-84

MEMORANDUM IN SUPPORT OF
DEFENDANT'S 28 U.S.C. §2255

Now comes the Defendant, Mr. Joseph D. Kemp (Mr. Kemp), Pro-Se pursuant to Haines v. Kerner, 404 U.S. 519-20, 92 S. Ct. 594 (1972), hereby humbly requesting that this Honorable Court grant his petition for relief pursuant to 28 U.S.C. §2255 pursuant to intervening circumstances and/or decisions.

In support thereof, Mr. Kemp presents the following information:

## I. PROCEDURAL HISTORY:

1) On Nov. 1, 2016, Mr. Kemp was indicted by a federal Grand Jury in the Southern District of Georgia (Augusta Division)

2) On Jan. 3, 2017, Mr. Kemp pled guilty to the single count of the indictment (Count 9)

3) On May 30, 2017, Mr. Kemp was sentenced to 151 months imprisonment. No N.O.A. was filed.

## II ARGUMENT:

A defendant is classified as a Career Offender if:

1) he is at least 18 years old at the time of the instant offense;

2) the instant offense is a felony that is either a "crime of violence (C.O.V.)" or a "Controlled substance offense" and;

3) has at least two (2) prior felony convictions

2.

for either a "C.O.V." or a "controlled substance offense." (See U.S.S.G. §4B1.1).

Mr. Kemp entered a plea in the County of Aiken on Case Number(s) 2008GS0201585; 2008GS0201586 (ran concurrently); and 2013GS0200903 for possession w/ intent to distribute (P.W.I.D.). Mr. Kemp contends that the P.W.I.D. from the state of South Carolina code §44-53-0370 (b)(1) and (b)(2) has been determined to be overbroad and encompasses conduct not under or accepted under a federal controlled substance offense.

Mr. Kemp further argues that the above referenced P.W.I.D., (cocaine and marijuana) charges from the state of South Carolina fail to qualify as "controlled substance offenses" within the meaning of U.S.S.G. §§4B1.1 and 4B1.2. Specifically, he argues under Mathis v. United States, 136 S.Ct. 2243, 195 L. Ed. 2d 604 (2016), a modified categorical approach would have determined that the "distribute" element in his predicate convictions are broader than the elements of a "controlled substance offense" defined by U.S.S.G. §§4B1.1 and 4B1.2.

Accordingly, in Rhodes v. United States, his conviction qualified as a controlled substance offense which the court applied the categorical approach. It focused on the elements of the prior offense, not the conduct

underlying the conviction. "For a prior conviction to qualify as a Guideline predicate offense, the elements of the prior offense **must** correspond in substance to the elements of the enumerated offense". (See <u>United States v. Dozier</u>, 848 F.3d 180, 183 (4th Cir. 2017)(alterations and internal quotation marks omitted)). In cases involving "divisible" statutes -- statutes that "list elements in the alternative, and thereby defines multiple crimes". (See <u>Mathis v. United States</u>, 136 S.Ct. 2243, 2249, 159 L. Ed. 2d 604 (2016)) -- The Court applies "the modified categorical approach", which permits them to consult a limited universe of documents to determine which of the alternative forms of the offense was the basis of the defendant's conviction, id.

The South Carolina statute provided: "It is a separate criminal offense for a person to distribute, sell, purchase, manufacture, or to unlawfully possess with intent to distribute, a controlled substance while in, on, or within a one-half mile radius of the grounds of a public or private elementary, middle or secondary school; a public playground or park; a public vocational or trade school or technical educational center; or a public or private college or university." Because the statute applies to the mere purchase of drugs, it criminalizes simple possession and, thus, is not categorically a controlled

substance offense.

Mr. Kemp believes it proper to exercise this Honorable Court's discretion and correct this error. (See Molina-Martinez v. United States, 136 S. Ct. 1338, 1346, 194 L. Ed. 2d 444 (2016) ("In most cases, a defendant who has shown that the district court mistakenly deemed applicable an incorrect higher guideline range has demonstrated a reasonable probability of a different outcome. And, again, in most cases, that will would suffice for relief if the other requirements are met of the (plain-error review). (See United States v. Robinson, 627 F.3d 941, 954 (4th Cir. 2020)(explaining that obtaining relief under plain-error review requires defendants to establish that "the district court erred, that the error was plain, and that it affected his substantial rights" (internal quotation marks and alterations omitted)).

Here, Mr. Kemp claims South Carolina Code 44-53-0370 statute does not qualify as a Controlled Substance Offense. Because the element "purchase" dwells within the South Carolina statute, these statutes are "divisible" under Mathis and Rhodes. Mr. Kemp, therefore, is no longer a Career Offender.

A states conviction will qualify as a predicate offense under U.S.S.G. manual 2K2.1(a) if the states

conviction aligns with, or is a categorical match with, federal laws definition of a controlled substance. To determine whether the definition matches, courts must know the state crime that was committed and compare the elements of that crime to the elements of the corresponding generic federal crime.

If a state statute is broader than its federal counterpart — that is, if the state statute criminalizes some conduct that is not criminalized under the analogous federal law — the state conviction cannot support an increase in the base level offense.

In this matter, it has been demonstrated that Mr. Kemp's prior convictions under S.C.C. §44-53-0370(b)(1) and (b)(2) fails to qualify as predicates for Career Offender classification. Furthermore, with this erroneous application, Mr. Kemp's sentence has been drastically enhanced beyond the statutory guidelines that would have applied had he not been categorized as a Career offender.

## III IN CONCLUSION:

It is humbly requested that this Honorable Court pass/hand down the order and/or correct Mr. Kemp's sentence according to <u>Mathis</u> and <u>Rhodes</u> by removing

the Career Offender enhancement and sentence Mr. Kemp WITHOUT said enhancement.

Humbly Submitted:

_Joseph Kemp_
Mr. Joseph D. Kemp
Reg. No. 21821-021
FCI-Gilmer
Po Box 6000
Glenville, WV. 26351

## IV. CERTIFICATE OF SERVICE:

I hereby certify that the information herein is true and correct. That said information has been placed within the institutional mailing system on the date listed below to be electronically filed and distributed to all involved parties.

/s/ _Joseph Kemp_          Date: 3/29/2023
Mr. Joseph Kemp
Reg. No. 21821-021

Joseph Kemp 21821-021
Federal Correctional Instutition Gilmer
P.O Box 6000
Glenville, WV 26351



U.S District Court
Clerk of the Courts
P. O. Box 1130
Augusta, GA 30903