IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JOSEPH D. KEMP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 123-033 |
| ) | (CR 116-084) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Federal Correctional Institution Gilmer in Glenville, West Virginia, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is now before the Court on Respondent's motion to dismiss. (Doc. no. 4.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, (doc. no. 4), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.    BACKGROUND**

On November 1, 2016, the grand jury in the Southern District of Georgia charged Petitioner with one count of unlicensed firearms dealing in violation of 18 U.S.C. §§ 922(a)(1)(A) and (D); three counts of illegal firearm possession in violation of 18 U.S.C. §§ 922(g)(1), (2) and 924(e); and five counts of methamphetamine distribution in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C). United States v. Kemp, CR 116-084, doc. no. 1 (S.D. Ga. Nov. 1, 2016). On January 17, 2017, Petitioner, represented by attorney Pete Theodocion, pled

guilty to one count of methamphetamine distribution.  Id., doc. nos. 16-18.  In exchange for Petitioner's guilty plea, the government agreed to dismiss the indictment's remaining counts, make no objection to a two-level acceptance of responsibility reduction, and move for an additional one-point reduction under U.S.S.G. § 3E1.1(b).  Id., doc. no. 18, p. 3.  On May 30, 2017, Chief United States District Judge J. Randal Hall sentenced Petitioner to 151 months imprisonment, three years supervised release, and a special assessment of $100.00.  Id., doc. no. 26.  The judgment was entered on May 31, 2017.  Id., doc. no. 27.  Petitioner did not file a direct appeal.

On February 1, 2021, Petitioner filed a motion for compassionate release in light of a medical condition, which Judge Hall denied on March 17, 2021.  (Doc. nos. 32, 38.)  Petitioner next filed a motion for modification of sentence on September 27, 2022.  (Doc. no. 39.)  Judge Hall denied the motion on October 11, 2022, explaining the requested relief is instead properly sought in a § 2255 motion.  (Doc. no. 41.)  Petitioner signed the instant § 2255 motion on March 29, 2023, and the Clerk docketed it on April 5, 2023.  (Doc. no. 1, p. 12.)  Petitioner requests resentencing, asserting he is no longer a career offender under the sentencing guidelines.  (Id.)  On April 19, 2023, Respondent filed a motion to dismiss arguing, inter alia, Petitioner's motion is untimely.  (Doc. no. 4, p. 5.)

II.  **DISCUSSION**

    A.  **The Motion Is Untimely**

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

    1.    the date on which the judgment of conviction becomes final;

    2.    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    3.    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    4.    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's judgment of conviction was entered on May 31, 2017,[1] and because Petitioner did not file a direct appeal, his conviction and sentence became final fourteen days later on June 14, 2017. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction is final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1). His one-year period to file his § 2255 motion expired on June 14, 2018. Petitioner signed the present motion on March 29, 2023, and the Clerk docketed the motion on April 5, 2023. Thus, Petitioner filed his § 2255 motion nearly six years after his conviction became final, and his motion is untimely.

Petitioner claims that new caselaw and precedent, unavailable at the time of his sentencing, provides the basis for his petition. (See doc. no. 10, p. 2.) To the extent Petitioner is also suggesting the Court should date his AEDPA filing deadline from the date his claims were initially recognized by the Supreme Court, he fails. See 28 U.S.C. § 2255(f)(3). Petitioner does not name or cite these new cases in his § 2255 motion or briefing, let alone any

---

[1]Though Petitioner was sentenced May 30th, the judgment was entered on the criminal docket May 31st. See Fed. R. App. P. 4(b)(6) ("A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket.").

relevant Supreme Court cases made retroactively applicable. See 28 U.S.C. § 2255(f)(4). Assuming he is referencing the cases cited in his motion for modification of sentence, then those cases still do not make his motion timely. See CR 116-084, doc. no. 39 (citing Mathis v. United States, 579 U.S. 500 (2016) and United States v. Rhodes, 736 F. App'x 375 (4th Cir. 2018) (*per curiam*)). Mathis predates Petitioner's conviction and sentence and "did not create a new rule of law that is retroactively applicable to cases on collateral review." Caudle v. United States, No. 509CR00157RDPSGC1, 2020 WL 3972762, at *3 (N.D. Ala. July 14, 2020). The same goes for Rhodes, which is neither binding on this Court nor a decision of the Supreme Court and, regardless, was issued almost five years before Petitioner filed his § 2255 motion. See Smalls v. Warden of FCI-Edgefield, No. 2:18-CV-2226-DCC-MGB, 2019 WL 6094074, at *3 (D.S.C. Aug. 13, 2019) (dismissing § 2255 motion as untimely and finding neither Rhodes nor Mathis apply retroactively on collateral review), *adopted by* 2019 WL 4462812 (D.S.C. Sept. 18, 2019).

> **B. Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson

v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both.  See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  McQuiggin v. Perkins, 569 U.S. 383, 384 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence."  Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  McQuiggin, 569 U.S. at 395 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion.  Nor has Petitioner presented any evidence, much less new evidence, to suggest he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him.  Rather, his sole ground for relief simply deals with the length

5

of his sentence. Furthermore, the fact Petitioner is *pro se* does not excuse filing the present § 2255 motion almost six years after expiration of the one-year statute of limitations. <u>Johnson v. United States</u>, 544 U.S. 295, 311 (2005) ("[T]he Court has never accepted *pro se* representation alone . . . as an excuse for prolonged inattention when a statute's clear policy calls for promptness.")

Instead, Petitioner admits his motion is untimely and instead asks the Court to waive the statute of limitations. (<u>See</u> doc. no. 1, p. 10; doc. no. 10-1, p. 3). However, Respondent has asserted such a defense, and Petitioner has not presented any grounds to avoid AEDPA's deadline. Accordingly, Petitioner is not eligible for equitable tolling and this petition should be dismissed.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 4), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 30th day of June, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA